IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID SANCHEZ,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 25-CV-0937** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                                                **MARCH 21, 2025**

      Plaintiff David Sanchez, who is currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), filed this civil action against CFCF and the City of Philadelphia seeking access to the facility's law library. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Sanchez leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.**     **FACTUAL ALLEGATIONS**

      Sanchez initiated this case by filing a "Motion to [Proceed] Pro Se & use Injunctive Measures," which was docketed as a Complaint in this case. So construed, the sparse "Complaint" seeks "injunctive measures and relief to enjoin [CFCF] from preventing [Sanchez] from using/utilizing the prison law library." (Compl. at 1.); *see also McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (agreeing that improperly captioned "pleading denominated 'Motion for Compensation,' which in substance, if not form, appeared to be intended as a complaint" was properly treated as a complaint). Sanchez's pleading is based on alleged due process violations. (Compl. at 1.)

## II.  STANDARD OF REVIEW

The Court will grant Sanchez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Sanchez is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented

---

[1] Because Sanchez is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

2

litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III.    DISCUSSION

The Court construes Sanchez's Complaint as bringing constitutional claims pursuant to 42 U.S.C. § 1983 for denial of access to the courts.[2]  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, Sanchez has failed to state a plausible constitutional claim.

The inability of pretrial detainees to access legal resources such as the law library is analyzed as a denial of access-to-courts claim under the First and Fourteenth Amendments. *Prater v. City of Philadelphia*, 542 F. App'x 135, 137 (3d Cir. 2013) (*per curiam*); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) ("Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts.").  To state a claim for denial of access to courts, Sanchez must show that he "suffered 'an actual injury' because of his alleged inability to access the prison library." *Prater*, 542 F. App'x at 137 (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)).  A detainee states an actual injury by alleging "that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Tinsley v. Giorla*, 369 F. App'x 378, 381 (3d Cir. 2010) (affirming denial of access-to-courts claim on summary judgment where pretrial detainee "could not point to any deadline missed or any prejudice that he

---

[2] Although the Complaint refers to *Bivens*, *Bivens* applies to federal actors, rather than the state actors sued here, so § 1983 is the applicable provision.  *See Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) (observing that "actions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'").

3

suffered"); *see also Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014) ("[T]o sufficiently plead an access-to-courts claim . . . a [pretrial detainee] must plead that 'official acts . . . may allegedly have caused the loss . . . of a meritorious case.'" (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002))). The right to access the courts may be satisfied if the pretrial detainee had an attorney "because appointment of counsel is sufficient to provide a pretrial detainee with 'meaningful access to courts.'" *Prater*, 542 F. App'x at 137 n.4 (quoting *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (stating that an access-to-courts right "may be satisfied . . . by appointing [the plaintiff] an attorney").

Although the Complaint can be understood to assert a denial of access claim based on Sanchez's apparent inability to access the law library at CFCF, Sanchez does not provide any factual allegations about why he needed to access the law library, what claims he was seeking to pursue (whether in his criminal case or otherwise), how and when he was prevented from using the law library, and how, if at all, his inability to access the law library prevented him from pursing any legal claims. Absent these crucial details, the Complaint does not state a denial of access claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (observing that there is no "abstract, freestanding right to a law library or legal assistance, [so] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial

4

of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants).

In any event, a correctional facility such as CFCF is not a "person" under § 1983 and is therefore not subject to liability under the statute. *See, e.g.*, *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)). Furthermore, to plead a § 1983 claim against a municipal entity such as the City of Philadelphia, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). Since Sanchez has not attributed any denial of access to a policy or custom of the City, his claim against the City fails for this additional reason.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Sanchez's leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. Although his claims against CFCF will be dismissed with prejudice, Sanchez will be given leave to file an amended complaint in the event he can allege additional facts sufficient to state a plausible claim against an appropriate defendant. An order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**
