IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SANCHEZ,** : |  |
|     **Plaintiff,** : |  |
| : |  |
| v. : | **CIVIL ACTION NO. 25-CV-0937** |
| : |  |
| **CITY OF PHILADELPHIA,** *et al.*, : |  |
|     **Defendants.** : |  |

**MEMORANDUM**

**KENNEY, J.**                                                                                                      **APRIL 17, 2025**

Currently before the Court is an Amended Complaint filed by Plaintiff David Sanchez, a pretrial detainee currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), based his assertion that he is being prevented from using the law library. For the following reasons, the Court will dismiss Sanchez's Amended Complaint.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Sanchez initiated this case by filing a sparse "Motion to [Proceed] Pro Se & use Injunctive Measures" against CFCF and the City of Philadelphia, which sought "to enjoin [CFCF] from preventing [him] from using/utilizing the prison law library." (ECF No. 1 at 1.) After granting Sanchez leave to proceed *in forma pauperis*, the Court, construing the filing as a Complaint raising claims pursuant to 42 U.S.C. § 1983 for denial of access to the courts based on Sanchez's apparent inability to access the law library at CFCF, dismissed it for failure to state a claim. *See Sanchez v. City of Philadelphia*, No. 25-CV-0937, 2025 WL 887812, at *2 (E.D. Pa. Mar. 21, 2025). Although Sanchez's claims against CFCF were dismissed with prejudice

---

[1] In determining whether the Amended Complaint states a claim, the Court considers Sanchez's allegations and matters of public record. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

because the facility is not a proper defendant, Sanchez was given leave to file an amended complaint "in the event he can allege additional facts sufficient to state a plausible claim against an appropriate defendant." *Id.* at *3.

Sanchez returned with the pending Amended Complaint naming as Defendants the City of Philadelphia, the Warden (presumably of CFCF), and several correctional officials—Lt. Bloodsaw, Sgt. Jones, Lt. Lender, Lt. Hill, Lt. Travers, Sgt. Laddermore, C/O S. Johnson, C/O C. Mathews, C/O Miller, and C/O Adison.[2] (Am. Compl. 1-3.) Sanchez alleges that the "unit officers or supervisors never provide[] a consistent law library" on the general population unit, where he has been housed since October 4, 2024. (*Id.* at 5.) He claims that when it is "time for law library," officers either do not allow "everyone to attend" or they do not "call it at all." (*Id.*) Sanchez claims that his inability to access the library violates his constitutional rights and has prevented him from "filing proper motions pertaining to [his] criminal case in Philadelphia." (*Id.* at 3.) In that regard, public dockets reflect that Sanchez is currently being held at CFCF in connection with firearms charges, and that he has been appointed an attorney. *See Commonwealth v. Sanchez*, No. CP-51-CR-0000403-2025 (C.P. Phila.). Sanchez claims to have suffered emotional distress, anxiety and depression as a result of these events, and seeks $1 million in damages. (Am. Compl. at 5.)

## II.   STANDARD OF REVIEW

Since Sanchez is proceeding *in forma pauperis*, (ECF No. 7), 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] Although Sanchez indicated an intention to name the Defendants in their official capacity only, the Court has also construed the Complaint as raising claims against the Defendants in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) (Courts look to the complaint and course of proceedings to determine whether a plaintiff has sued state officials in their official or individual capacity).

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Sanchez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

Despite having been given the elements required to state a denial of access claim, *Sanchez*, 2025 WL 887812, at *2, Sanchez still has not alleged any basis for a constitutional violation. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured

by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The inability of pretrial detainees to access legal resources such as the law library is analyzed as a denial of access-to-courts claim under the First and Fourteenth Amendments.[3] *Prater v. City of Philadelphia*, 542 F. App'x 135, 137 (3d Cir. 2013) (*per curiam*); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) ("Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."). As previously explained, *Sanchez*, 2025 WL 887812, at *2, to state a claim for denial of access to courts, Sanchez must show that he "suffered 'an actual injury' because of his alleged inability to access the prison library." *Prater*, 542 F. App'x at 137 (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). A detainee states an actual injury by alleging "that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Tinsley v. Giorla*, 369 F. App'x 378, 381 (3d Cir. 2010) (affirming denial of access-to-courts claim on summary judgment where pretrial detainee "could not point to any deadline missed or any prejudice that he suffered"); *see also Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014) ("[T]o sufficiently plead an access-to-courts claim . . . a [pretrial detainee] must plead that 'official acts . . . may allegedly have caused the loss . . . of a meritorious case.'" (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002))). The right to access the courts may be satisfied if the pretrial detainee has an attorney "because appointment of counsel is sufficient to provide a pretrial detainee with 'meaningful access to courts.'" *Prater*, 542 F. App'x at 137 n.4 (quoting *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see*

---

[3] Although Sanchez invokes other constitutional amendments, the Court cannot discern any basis for a claim under those provisions.

*also Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (stating that an access-to-courts right "may be satisfied . . . by appointing [the plaintiff] an attorney").

The Amended Complaint does not provide any allegations from which the Court could infer that Sanchez's inability to access the law library (or to access the law library more fully) translates into a denial of access. Sanchez contends that he has been prevented from "filing proper motions" in his criminal case (Am. Compl. at 3), but he does not allege the substance of those motions or, more importantly, explain why his attorney could not file motions on his behalf if so warranted. In other words, nothing in the Amended Complaint reflects that Sanchez has suffered an actual injury as a result of his inability to access the library. Accordingly, the Court will dismiss the Amended Complaint for failure to state a claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (observing that there is no "abstract, freestanding right to a law library or legal assistance, [so] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); *Pettis v. Everhart*, 857 F. App'x 712, 714 (3d Cir. 2021) (*per curiam*) (agreeing that plaintiff failed to state an actual injury because "although Pettis had asserted that he was pursuing his direct appeal at the time his legal papers were confiscated, he was also represented by counsel for his direct appeal and did not argue that the confiscation of his paperwork impeded access to counsel or otherwise undermined his appeal"); *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint. Since Sanchez has already been given an opportunity to amend, and since his Amended Complaint suggests no basis for a constitutional violation, the Court concludes that amendment would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order dismissing this case with prejudice will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**